380 So.2d 341 (1980)
Ex Parte Melba Till ALLEN.
In re Melba Till Allen
v.
State of Alabama.
79-271.
Supreme Court of Alabama.
February 8, 1980.
Richard D. Horne and James E. Atchison, of Hess, Atchison & Stout, Mobile, for petitioner.
Charles A. Graddick, Atty. Gen., for respondent.
*342 PER CURIAM.
Writ denied. No opinion.
TORBERT, C. J., and BLOODWORTH, MADDOX, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
FAULKNER, J., dissents, with opinion.
FAULKNER, Justice (dissenting).
I would grant the petition for Writ of Certiorari to the Court of Criminal Appeals.
By denying the petition without an opinion, the majority may be saying that the petition, as filed, is insufficient, as drafted, to invite review by this Court. On the other hand, the majority may be saying that they agree with the majority opinion of the Court of Criminal Appeals. My dissent is based upon the sufficiency of the evidence before the trial court as it relates to defendant's connection with Leisure & Development Properties, Inc. to convict the defendant. In this regard, I agree with the dissent authored by Judge John Bookout of the Court of Criminal Appeals. This is what Judge Bookout said:
"The State proved that the appellant used her official position to obtain a letter of credit for Leisure and Development Properties, Inc. This alone amounts to no crime under the statute. The State must have also proved that through the letter of credit she obtained `a direct personal financial gain' for herself or for a business with which she was associated.
"The evidence fails to establish a `direct personal financial gain' prohibited by the statute. The gain, if any, would have been through one of the corporations involved in the transactions. Under the specific charge in the indictment, it may only come through Leisure and Development Properties, Inc., in which she inferentially held some interest.
"In order to prove the appellant's corporate dealings to be in violation of the Ethics Act, the State had the burden of proving that the financial gain was for a business with which she was associated, as defined in § 2(b) [now § 36-25-1(2)]:
"`"Business with which he is associated" [means] any business of which the person or a member of his family, is an officer, owner, partner, employee or holder of more than 10 percent of the fair market value of such business.'" (Emphasis supplied.)
"No proof was made that the appellant was an officer or employee of Leisure. It being a corporation, she could not have been a partner within the legal definition of that term. Ownership in a corporation is denoted by holding or owning stock therein. Therefore, for the appellant's actions to be in violation of the terms of the statute, the State must have proved that she owned or was the `holder' of `more than 10 percent of the fair market value of such business.' This the State failed to do, and the appellant's motion to exclude the State's evidence should have been granted."