[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1123 
Cofer was convicted under § 13A-6-66, Ala. Code 1975, of sexual abuse of his sixteen-year-old sister-in-law. The Court of Criminal Appeals upheld the conviction in Cofer v. State,440 So.2d 1116 (Ala.Cr.App. 1983). The facts of the case are fully stated in that opinion. We granted certiorari.
Cofer argues that the trial court's admission of the State's evidence of alleged prior sexual misconduct is reversible error. The evidence was in the form of testimony by Cofer's first cousin, the victim of an alleged rape by Cofer, which occurred in approximately 1972, about ten years before the date of the present offense. The alleged victim of the 1972 incident described the details of the rape to the jury and identified Cofer as the rapist. No charges had ever been filed in connection with this rape. The State produced this testimony on rebuttal, although the witness was in court every day of the trial. Cofer argues that this evidence was inadmissible because it was used to prove he had a bad character and a propensity to commit sexual misconduct. He contends that there was no legitimate purpose for admission of the testimony.
Cofer raises one other issue. He claims that he was denied a speedy trial as guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution and by Art. I, § 6, of the Alabama Constitution of 1901. The basis of his argument is that there was an unreasonable delay between the date his counsel and the State announced "ready" and the date on which the trial actually commenced. The delay was not his fault. He claims he was prejudiced as a result of the delay because he lost his two-for-one peremptory jury strike by a change in Alabama law which became effective during the delay. Ala. Code 1975, § 12-16-100 (a) (Supp. 1982).
The Court of Criminal Appeals, after argument on these issues, affirmed the conviction. We reverse.
The rule regarding admissibility of prior misconduct by a criminal defendant has been well stated in C. Gamble, McElroy'sAlabama Evidence § 69.01 (1) (3rd ed. 1977):
 "This is a general exclusionary rule which prevents the introduction of prior criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
 "This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of prior crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of prior crimes has almost an irreversible impact upon the minds of the jurors."
The rule protects the defendant's right to a fair trial. It seeks "to prevent conviction based on a jury belief that the accused is a person of bad character. The jury's determination of guilt or innocence should be based on evidence relevant to the crime charged." Goodman v. State, 401 So.2d 208, 212
(Ala.Cr.App. 1981), cert. denied, 401 So.2d 213 (Ala. 1981), citing United *Page 1124 States v. Turquitt, 557 F.2d 464, 468 (5th Cir. 1977).
There are some well-known exceptions to the rule, and under certain circumstances, evidence of prior misconduct may be admitted. See generally, Johnson v. State, 335 So.2d 663, 673
(Ala.Cr.App. 1976); McElroy's Alabama Evidence § 69.01.
The State originally argued before the Court of Criminal Appeals that the alleged rape was admissible under the common scheme exception. It was offered to prove that Cofer did the act presently charged. Sellers v. State, 41 Ala. App. 612,145 So.2d 853 (1962). We hold that a single rape which occurred ten years prior to the present offense, as reprehensible as it is, is not evidence of a pattern or pre-existing design into which the present charge of sexual abuse fits. See Brasher v. State,249 Ala. 96, 98-100, 30 So.2d 31, 32-34 (1947).
The evidence of the prior alleged rape does not fall within any of the other exceptions either. There were no questions about identity, motive, physical capacity, or knowledge.
The Court of Criminal Appeals held that the testimony of the prior alleged rape was admissible as tending to prove that Cofer had the requisite intent to commit first degree sexual abuse, the present charge.
Under §§ 13A-6-60 and 13A-6-66, Code 1975, first degree sexual abuse requires proof that the defendant acted with the intent to gratify the sexual desires of himself or the prosecutrix. Parker v. State, 406 So.2d 1036 (Ala.Cr.App. 1981), cert. denied, 406 So.2d 1041 (Ala. 1981). This intent may be inferred by the jury from the act itself. Parker v.State, 406 So.2d 1039. The prosecutrix testified that Cofer kissed her, removed some of her clothing, inserted his finger into her, and lay close to her. If the jury believed her testimony, it could infer that Cofer had the requisite intent and find him guilty of the offense. There is, therefore, no real and open issue about his intent, and the evidence of the prior rape was erroneously allowed to prove Cofer's intent.
The State has no absolute right to use evidence of prior acts to prove the elements of an offense or to buttress inferences created by other evidence. Evidence of prior bad acts of a criminal defendant is presumptively prejudicial to the defendant. It interjects a collateral issue into the case which may divert the minds of the jury from the main issue.Kilpatrick v. State, 51 Ala. App. 352, 285 So.2d 516 (1973),cert. denied, 291 Ala. 628, 285 So.2d 525 (1973). Therefore, the admission of such evidence constitutes reversible error.Hinton v. State, 280 Ala. 48, 189 So.2d 849 (1966).
Additionally, the prior rape was alleged to have occurred ten years before the present offense. Even if intent were in issue, this prior rape is too remote to be probative of the issue.Deason v. State, 363 So.2d 1001, 1005 (Ala. 1978). In Deason, we were concerned with the proximity of an act subsequent to the one charged, but our admonition there that the acts be not too remote in time is applicable here.
We now address Cofer's other contention that he was denied a speedy trial and unjustly prejudiced by the delay. The gist of his argument is that his trial was postponed at least twice upon the State's motion. During this delay, a change in the law became effective, and the two-for-one peremptory strike was abolished and replaced with a one-to-one jury strike. Code of Alabama, § 12-16-100 (a) (Supp. 1982). The trial court held Cofer to a one-to-one jury strike.
The U.S. Supreme Court has held that the peremptory challenge is a very important right of the accused and "a necessary part of the trial by jury," Swain v. Alabama, 380 U.S. 202, 219,85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965); however, it has not been elevated to the status of a constitutionally guaranteed right.United States v. Morris, 623 F.2d 145, 151 (10th Cir. 1980),cert. denied, 449 U.S. 1065, 101 S.Ct. 793, 66 L.Ed.2d 609
(1980). We also recognize that peremptory challenges are an inherent part of the jury trial; however, we agree that "the granting or withholding of peremptory *Page 1125 
challenges is solely a matter of procedure." Haynes v. State,424 So.2d 669, 671 (Ala.Cr.App. 1982), citing 16A Am.Jur.2dConstitutional Law, § 648 (1979). The trial court correctly applied the law as it existed at the time of trial. This was appropriate because it is a matter of procedure.
Cofer was not denied a speedy trial. A change of procedure, even though working a disadvantage to the defendant, is not denial of due process.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the Justices concur.