MADDOX, Justice.
We granted certiorari in this case to review the issue of whether petitioner was denied his sixth amendment right .to a speedy trial.
Petitioner was indicted on January 28, 1982. His trial was not until August 11, 1983. The various reasons and dates of petitioner’s 19½ months’ trial delay, as set forth by the Court of Criminal Appeals, 469 So.2d 1291, are as follows:
“December 21,1984 — Blake was arrested for first degree robbery.
*1302 “January 6, 1982 — Blake posted $5,000 bail and was released.
“January 28, 1982 — The grand jury indicted Blake and bail was set at $50,-000.
“February 2, 1982 — Blake was arrested under the indictment.
“March 11, 1982 — The Honorable Blanchard McLeod was appointed to represent Blake at arraignment; trial was set for April 5, 1982. The trial court granted a continuance to the May 1982 docket requested by McLeod.
“April 2, 1982 — McLeod filed a motion to withdraw as Blake’s counsel. The court granted the motion and appointed Honorable John E. Pilcher to represent the defendant; trial was set for July 26, 1982.
“July 26, 1982 — The State moved for a continuance because one of its witnesses was hospitalized; the court granted the continuance to November 1, 1982.
“November 1, 1982 — Blake and the State’s attorney announced ‘ready’ for trial. Out of the presence of Blake’s lawyer, counsel for one of Blake’s co-defendants requested a continuance, which was granted. The assistant district attorney then moved for a continuance of Blake’s trial on the ground that the State wanted to try the co-defendant before it tried Blake. The continuance was granted.
“November 5,1982 — Blake filed an objection to the continuance, a demand for speedy Trial, and a motion to dismiss the indictment.
“November 29, 1982 — After a hearing, the trial court denied Blake’s motions, but inquired when the State would be ready for trial. The prosecuting attorney informed the court that the State would be prepared to try Blake as soon as it completed the trial of the co-defendant.
“January 10, 1983 — The State requested a continuance to the April 1983 docket in order to take advantage of A.R. Crim.P.Temp. 15.4 (effective March 1, 1983) (Joinder, consolidation, and severance of defendants), stating that it wished to try Blake and the two co-defendants together. Blake’s counsel objected to the continuance in open court.
“January 13, 1983 — Blake’s counsel filed a written objection to the continuance and to the consolidation of the trials of all co-defendants, along with a motion for speedy trial.
“January 21,1983 — The trial court granted the State’s request for continuance.
“February 23, 1983 — The court conducted an evidentiary hearing on Blake’s motions.
“March 25, 1983 — The State filed a motion for consolidation of the trials of Blake and his two co-defendants.
“March 30, 1983 — Blake objected to the proposed consolidation and requested a hearing.
“April 4, 1983 — The State requested a one-week continuance in order to comply with the requirements of Rule 15.-4(b) (court may order consolidation no later than seven days prior to trial).
“April 11, 1983 — The court entered an order of consolidation without a hearing. The State requested Blake’s trial be continued due to an insufficient number of veniremen from which to strike a jury under Rule 15.4(h).
“June 20,1983 — Blake filed a petition for writ of habeas corpus alleging denial of his right to a speedy trial.
“August 1, 1983 — The State requested a one-week continuance under Rule 15.-4(b).
“August 2, 1983 — The court conducted a hearing on the State’s motion for consolidation and the defense objections, after which an order of consolidation was entered and trial scheduled for August 11, 1983.
“August 11, 1983 — Blake was tried and convicted.”
In reaching its determination, the Court of Criminal Appeals applied the Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), four-part balancing test, which requires an inquiry into the following: (1) length of delay; (2) the rea *1303 son for the delay; (3) the defendant’s assertion of his right; and (4) prejudice to the defendant. The Court of Criminal Appeals found that a significant portion of the trial delay occurred as a direct result of the state’s attempt to implement its trial strategy. Four of the state’s motions for continuance were grounded on its desire to take advantage of the newly promulgated Rule 15.4(b) of the Alabama Temporary Rules of Criminal Procedure, providing that separately indicted defendants may, under some circumstances, be joined for trial. The Court of Criminal Appeals found the following:
“Blake objected strenuously to the State’s attempts at consolidation, pointing out to the trial court his opposition to the delays caused by the prosecution’s shift in trial strategy. Again, while we cannot fault the prosecution for wishing to avail itself of a procedural rule which it supposes will provide a trial advantage, see Ex parte Cofer, 440 So.2d 1121, 1125 (Ala.1983), we caution the State that a defendant’s constitutional rights rank ahead of both the strategy and the policy favoring joint trials. While ‘joint proceedings cannot be deemed an unjustifiable cause of delay,’ see People v. Powell, 40 Cal.App.3d 107, 152, 115 Cal.Rptr. 109, 138 (Cal.Dist.Ct.App.1974), a ‘deliberate attempt by the State to ... enhance its own case,’ Corn v. State, 387 So.2d 275, 278 (Ala.Crim.App.), cert. denied, 387 So.2d 280 (Ala.1980), weighs heavily against the prosecution under the Barker analysis.
“The perhaps otherwise excusable delay occasioned by the State’s attempt to consolidate the trials of all co-defendants in this case becomes particularly unjustified in view of the prosecution’s failure to see that the orders it sought complied with Rule 15.4. The State found it necessary to request three continuances because it had been derelict in not observing the time limits of Rule 15.4 and because it had been negligent in not summoning the proper number of veniremen for a consolidated trial.
“In short, we believe that the nine and one-half month delay after November 1982 must be attributed solely to the prosecution and must be weighed heavily against the State.”
The Court of Criminal Appeals concluded that “because the total delay attributable to the state was only 9V2 months and because Blake had shown no substantial prejudice, his sixth amendment rights were not violated.” The court indicated that it was a “close case” and that if the delay had been significantly longer, that court would have had no hesitation in finding a constitutional violation.
Petitioner has established, and it is reflected in the Court of Criminal Appeals’ opinion, that the state delayed the trial in order to perfect its trial strategy. No Alabama case squarely addresses the proper weight that should be accorded deliberate prosecutorial requests for trial delays which substantially contribute to the delay of a defendant’s trial. Petitioner asks us to assume prejudice under the circumstances of this case. This we cannot do.
The fourth factor of the balancing test, prejudice, was discussed at length in Barker. The Supreme Court opined as follows:
“Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is that the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown.”
*1304 Barker, supra, 407 U.S. at 533, 92 S.Ct. at 2193.
Thus, the factors which must be examined to determine prejudice, as contemplated by the Supreme Court, include, among other things, death or unavailability of a witness or lapse of memory. Even if the prejudice element did not weigh in Blake’s favor, however, the Barker Court held that it is not mandatory that all four factors be satisfied in order to determine that a defendant was deprived of his right to a speedy trial. These factors are related and “must be considered together with such other circumstances as may be relevant. In sum, these factors have no talis-manic qualities; courts must still engage in a difficult and sensitive balancing process.” Barker, supra, at 533, 92 S.Ct. at 2193.
After reviewing the totality of the circumstances of this case, we hold that the Court of Criminal Appeals correctly applied the applicable principles of law in finding that Blake was not denied his right to a speedy trial. Although the State’s behavior, as the Court of Criminal Appeals found, makes this a “close case,” we cannot justify a conclusion that Blake was seriously prejudiced by the delay, and thus denied his right to a speedy trial as contemplated by our state or federal Constitutions. The trial delay directly attributable to the State was only 9½ months. We are of the opinion that the balancing process required by Barker must be carefully applied, because a finding that one has been denied a speedy trial results in the serious consequence of allowing a defendant who may be guilty of a serious crime to go free. We would make such a determination in this case if we were not of the opinion that the factors weighing in favor of Blake were outweighed by the lack of prejudice and the relatively short length of the trial delay attributed to the state.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON, SHORES and BEATTY, JJ., concur.
JONES, EMBRY and ADAMS, JJ., dissent.