ON APPLICATION FOR REHEARING
LEIGH M. CLARK, Retired Circuit Judge.
The argument of counsel for appellee in support of the application for rehearing is composed of two parts. By one part, the attempt is made to distinguish the instant case from that which was held by the Alabama Supreme Court in Ex parte Cofer, 440 So.2d 1121, considered at length in our opinion on original submission. The counsel for appellee state:
“The Defendant in the instant case, and in Cofer, was charged with first degree sexual abuse under Alabama Code § 13A-6-66. That section makes it a felony to ‘subject another person to sexual contact by forcible compulsion.’ Such conduct is a felony regardless of the age of the prosecutrix. Section 13A- *1199 6-67 makes it a misdemeanor if Defendant ‘being nineteen years old or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old.’ Section 13A-6-67 is a lesser included offense of first degree sexual abuse.”
The counsel for appellee are correct in their assertion that, in accordance with the oral charge of the trial court to the jury, the jury was authorized to render a verdict finding defendant guilty of the lesser included offense proscribed by Alabama Code, § 13A-6-67. From our examination of the record proper and the court reporter’s transcript of the proceedings, we are unable to find that the defendant or his counsel took the position on the trial of the case, or invoked a ruling by the trial court, that the jury could or should find defendant guilty of the lesser included offense. Furthermore, we note that in the brief of counsel for appellant on original submission of this case, there was no contention by appellant that the jury could or should have found him guilty of said lesser included offense. We also note that in the oral charge of the court to the jury, the jury was instructed to determine whether defendant was guilty of the charge expressly stated in the indictment prior to any determination by the jury as to whether the defendant was guilty of the lesser included offense, as shown by the following from the oral charge of the court:
“Now, Ladies and Gentleman, I have told you, you should first consider the main charge in the indictment. That is the one that’s written in the indictment, the felony charge, and after you have considered all the testimony and all the evidence in the case and all the proper and pertinent inferences therefrom, if you are satisfied beyond a reasonable doubt, that the Defendant was guilty of sexual abuse in the first degree, then it would be your duty to find him guilty and the form of your verdict would be, ‘We the Jury find the Defendant guilty as charged.’ If after you’ve considered all the evidence in the case and all the proper and reasonable inferences therefrom, you are satisfied beyond a reasonable doubt that the Defendant is guilty of sexual abuse in the second degree, as I have defined it to you, then it would be your duty to find him guilty, and in your sole province [sic] you would impose a fine of not more than $2,000.00. And the form of your verdict would be, ‘We the Jury find the Defendant guilty in the second degree— Defendant guilty of the Sexual Abuse to the Second Degree and fix his fine at _ dollars’ you so determine but not more than $2,000.00.”
We adhere to what we held in our opinion on original submission, that the trial court committed error prejudicial to defendant as to the crucial issue presented on appeal, which in effect was that the trial court was in error in permitting the State to introduce on the trial evidence as to appellant’s prior acts of sexual misconduct.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED.
All the Judges concur.