We granted the State's petition for writ of certiorari in this case to determine if the Court of Criminal Appeals erred in reversing Leonard Staten's conviction of rape in *Page 608 
the first degree and remanding for a new trial. As a result of his conviction, Staten had received a sentence of 25 years' imprisonment. We reverse the Court of Criminal Appeals' judgment and remand the case.
In reversing Staten's conviction, the Court of Criminal Appeals relied on our case of Anonymous v. State, 507 So.2d 972
(Ala. 1987), in holding that evidence that Staten had tried to have sex with the victim on prior occasions should not have been admitted. The following facts, as set out in the Court of Criminal Appeals' opinion, are pertinent to the determination of this case:
 "The victim in this case testified that the appellant was her mother's boyfriend and that he lived with her at Stonegate Village in Decatur. The victim stated that on Christmas Eve of 1985, while she was eight years old, the appellant told her in a mad voice to go into the bedroom with him. Once inside the bedroom, the appellant pulled out a knife and forced her to undress. The victim's screams alerted her mother, who entered the bedroom and found the appellant on top of her daughter. The appellant showed the victim's mother the knife and told her that if they did not do what he said, he would kill both of them. The appellant then proceeded to have sexual intercourse with the little girl. The victim testified that appellant's penis kept going inside her vagina and her 'butt.' The mother fainted after trying to get appellant off her child. No one else could hear the child's screams because the appellant had turned up the stereo 'real loud.' After the assault, appellant directed the victim to take a bath, after which he tried to have intercourse with her again. The victim ran away from home at that time. The victim also testified that the appellant had tried to have sex with her on two separate occasions in October 1985, but was unsuccessful. Several months later, in July 1986, the appellant drove the victim out to a remote area along the Tennessee River near Decatur, where he had intercourse with her twice. At the time of all of these incidents, the victim was either 8 or 9 years old, and the appellant was 34 years old."
547 So.2d 603 (1988).
In its opinion, the Court of Criminal appeals stated:
 "In determining the merits of appellant's argument, we must first turn to the recent case of Anonymous v. State, 507 So.2d 972 (Ala. 1987), wherein our Supreme Court provided us with considerable guidance in the area of what prior (or subsequent) bad acts may be proved against an accused in order to prove the charge in the case at bar. In Anonymous, at 973-74, the Supreme Court stated:
 " 'The general evidentiary principle, long adhered to in Alabama, which must be applied in this case may be stated as follows: In a prosecution for one offense, evidence of collateral crimes or acts is generally inadmissible to prove the guilt of the accused. See Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Ex parte Killough, 438 So.2d 333 (Ala. 1983); Brasher v. State, 249 Ala. 96, 30 So.2d 31
(1947); Haley v. State, 63 Ala. 89 (1879); Ingram v. State, 39 Ala. 247 (1864). In fact, it has been stated that such evidence is prima facie inadmissible. See Cofer, supra; Brasher, supra; Allen v. State. 380 So.2d 313 (Ala.Crim.App. 1979), cert. denied, 380 So.2d 341 (Ala. 1980).
" 'As was explained in Cofer:
 " ' " 'This is a general exclusionary rule which prevents the introduction of [collateral] criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
 " ' " 'This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of [collateral] crimes will far outweigh *Page 609 
any probative value that might be gained from them. Most agree that such evidence of [collateral] crimes has almost an irreversible impact upon the minds of the jurors.' "
 " 'Cofer, 440 So.2d at 1123 (quoting C. Gamble, McElroy's Alabama Evidence § 69.01(1) (3d ed. 1977). . . .'
 "See also Hill v. State, [Ms. 7 Div. 844, June 28, 1988] [538] So.2d [436] (Ala.Cr.App. 1988); Watson v. State, [Ms. 5 Div. 56, September 8, 1987] [538] So.2d [1216] (Ala.Cr.App. 1987)."
The Court of Criminal Appeals then stated that it was bound by law to reverse Staten's conviction pursuant to the holding inAnonymous, supra. We disagree. In Anonymous, after stating that collateral criminal acts were not admissible to prove that a defendant committed the crime for which he was charged, we held as follows:
 "This rationale notwithstanding, there exist certain exceptions to this general exclusionary rule. Although evidence of collateral crimes and acts may not be admitted to prove the accused's bad character, it has been held admissible to prove such things as the accused's criminal intent, his motive, or his identity, or to prove that the now-charged crime and another crime were committed pursuant to a single plan, design, scheme, or system. See generally, McElroy's § 69.01, and those cases cited therein. Of course, the evidence offered must be relevant to some issue that is material to the case. See Cofer, supra (evidence offered was inadmissible because it was offered to prove intent and there existed 'no real and open issue' concerning the accused's intent); [Ex parte Killough, 438 So.2d 333 (Ala. 1983)] (evidence offered under the exceptions to this general exclusionary rule must be both relevant and material).
 "Application of this rule and its exceptions to the facts of the present case makes it clear that the Court of Criminal Appeals correctly determined that the evidence of the prosecutrix's pregnancy and her abortions and the sister's pregnancy and resulting child was inadmissible. There is simply no imaginable reason for the admission of this testimony other than to prove the defendant's bad character. This is, of course, not an acceptable purpose. See Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947).
 "The State argues that this evidence should have been held admissible because evidence of other collateral acts of sexual misconduct was held admissible by the Court of Criminal Appeals. Apparently, the argument is that this evidence of collateral acts should have been held admissible under the same exceptions which allowed the admission of evidence of those other collateral acts. The fallacy of this argument is that it assumes that the Court of Criminal Appeals was correct when it held that evidence of those other collateral acts was admissible. In truth, the court was not correct.
 "The Court of Criminal Appeals held the evidence of those other acts admissible under the 'identity' and 'intent' exceptions to the general exclusionary rule. However, neither exception is applicable [in this case]."
Id. at 974-75.
In Anonymous, we held, therefore, that evidence of collateral sexual offenses against the prosecutrix was inadmissible. Then, in Bowden v. State, 538 So.2d 1226 (Ala. 1988), we clarified our position with regard to the Anonymous decision, when we stated:
 "We begin by pointing out that, as demonstrated by this Court's decisions in Anonymous and Ex parte Cofer, supra, there is no longer any basis for the view that, in the prosecution of sex crimes, the Alabama courts will be more liberal in their extensions of the exceptions to the general rule of exclusion. See C. Gamble, Character Evidence: A Comprehensive Approach, at 45-46 (1987). See also Beavers v. State, 511 So.2d 951, 955
(Ala.Crim.App. 1987) (Bowen, P.J., dissenting). In the words of one commentator, '[w]ith each succeeding decision, . . . [this] Court makes it clear that any offered "other purpose" must be a material issue.' (Emphasis added.) Gamble, *Page 610 Character Evidence, supra, at 37. That is, the 'other purpose' must be a material element of the crime charged about which there is a 'real and open issue,' or the 'other purpose' must be rendered material by virtue of other circumstances or evidence present in this case.
 "However, we wish to clarify that, just as we do not liberally extend the exceptions to the rule of exclusion in sex crime prosecutions, neither do we intend that their applicability be more narrowly restricted in such cases, notwithstanding dicta in Anonymous to the contrary. The same factors for determining the admissibility of collateral acts of misconduct by the accused in other types of prosecutions are to be applied in determining the admissibility of collateral acts of sexual
misconduct in the prosecution of sex crimes. Which is to say that, provided the test for materiality is met, evidence of collateral crimes or misconduct may be admitted. Of necessity, this analysis is case by case."
Ex parte Bowden, supra (emphasis original).
While we recognize that, under the holding ofAnonymous and Bowden, supra, the evidence of prior and subsequent acts should not have been in evidence at the time they were admitted, we are of the opinion that in this case the admission of such evidence falls squarely within one of the recognized exceptions to the general rule. In his defense, Staten asserted that he was not the one who raped the victim. Instead, he argued, Milton Gaiter, the victim's uncle, had raped her. That argument made the identity of the perpetrator an issue in the case and when he made that argument the questioned evidence became admissible. See Watson v. State,538 So.2d 1216 (Ala.Cr.App. 1987) aff., because the defendant claimed that someone else had raped the victim, evidence of prior sexual offenses against the prosecutrix was properly admitted).
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the case is remanded for the entry of an order not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, STEAGALL and KENNEDY, JJ., concur.
ALMON and HOUSTON, JJ., concur in the result.