Allen Lamar Reeves was convicted of second degree rape in violation of Ala. Code 1975, § 13A-6-62, and was sentenced to life imprisonment as a habitual offender. The victim was the defendant's stepdaughter, S.P. The issue presented on this appeal is whether reversible error was committed when the prosecution introduced evidence that the defendant had also had unlawful sexual intercourse with the victim's sister.
The indictment in this case contained two counts. Count 1 charged rape in the first degree and involved the element of forcible compulsion in violation of § 13A-6-61(a)(1). Count 2 charged rape in the second degree in violation of §13A-6-62(a)(1), and alleged that the defendant "did engage in sexual intercourse with S.P., a female, who was less than sixteen years of age and more than twelve years of age, the said [defendant] being 16 years or older and at least two years older than the said S.P."
At trial, S.P., who was 18 years old at the time of trial, testified that the defendant raped her when she was less than 16 years of age. The defendant testified in his own behalf and admitted that he had sexual intercourse with S.P., but maintained that it first occurred on her sixteenth birthday when she "seduced" him.
In order to prove "common scheme, design, motive and intent," the State, over proper objection, elicited the testimony of P.P., the 12-year-old sister of S.P., that the defendant had also raped her. In admitting P.P.'s testimony, the trial judge stated: "Your objection is well taken, but I'm going to deny it. . . . I feel that this falls under one of the exceptions."
The question to be determined is whether the evidence of the defendant's rape of P.P. is admissible in his prosecution for the rape of S.P. to show pattern, plan, or scheme. InBowden v. State, 538 So.2d 1226 (Ala. 1988), our Supreme Court thoroughly examined the twisted judicial history of the admissibility of collateral sexual offenses in a prosecution for a sexual offense, and held that, "provided a proper showing of materiality is made, evidence of collateral sexual misconduct would be admissible to prove a material 'other purpose' [i.e., a purpose other than to show the bad character of the defendant]." 538 So.2d at 1234. However, "the 'other purpose' must be a material element of the crime charged about which there is a 'real and open issue,' or the 'other purpose' must be rendered material by virtue of other circumstances or evidence present in the case." Bowden, 538 So.2d at 1233. See also Staten v. State, 547 So.2d 607 (Ala. 1989).
 "We now hold as follows: It may well be, when the third party against whom the defendant is claimed to have committed a collateral sexual offense is the defendant's *Page 726 
child, that collateral offense evidence is more relevant in proving the material 'other purpose(s)' for which it is offered in a sex crime prosecution than would be evidence of other third party offenses. This of course depends upon (1) the offense(s) charged; (2) the circumstances surrounding the offense(s) charged and the collateral offense(s); (3) the other collateral evidence offered at trial; and (4) the other purpose(s) for which it is offered. Thus, as previously noted, the analysis must be case by case."
Bowden, 538 So.2d at 1237-38. See also C. Gamble, McElroy'sAlabama Evidence, § 70.01(22) (3d ed. 1977); C. Gamble,Character Evidence: A Comprehensive Approach, 46 (1987). "The same factors for determining the admissibility of collateral acts of misconduct by the accused in other types of prosecutions are to be applied in determining the admissibility of collateral acts of sexual misconduct in the prosecution ofsex crimes. Which is to say that, provided the test for materiality is met, evidence of collateral crimes or misconduct may be admitted." Bowden v. State, 538 So.2d 1226, 1233 (Ala. 1988) (emphasis in original).
Both parties agree that the intent exception is not applicable in this case. Neither first nor second degree rape involves any specific criminal intent. Anonymous v. State,507 So.2d 972, 975 (Ala. 1987) (first degree rape). "The intent exception [to the exclusionary rule prohibiting the admission of evidence of collateral crimes to prove the guilt of the accused] is simply not applicable in a case that requires no specific criminal intent as a prerequisite to conviction."Anonymous, 507 So.2d at 975; Bowden, 538 So.2d at 1235. The State argues that P.P.'s testimony was admissible to prove motive and a pattern, plan, or scheme.
We find that the motive exception is not applicable. "[W]here the defendant is not charged with the offense ofincest, . . . it becomes questionable whether evidence establishing that the accused raped and/or sexually abused one or more of his other children is admissible to prove his motive
in raping the victim, also his child." Bowden,538 So.2d at 1235 (emphasis in original). See also Watson v. State,538 So.2d 1216, 1223 (Ala.Cr.App. 1987) ("Moreover, since this evidence of prior sexual acts with the victim is characterized as evidence of motive, . . . , the Anonymous court implicitly has rejected the proposition, . . . that evidence of motive, even though motive is not an element of the crime, is always admissible."), affirmed, Bowden v. State, 538 So.2d 1226,1234-35 (Ala. 1988) (see also the opinion of Maddox, J., concurring in part, dissenting in part, 538 So.2d at 123940). In this case, the identity of the person who actually committed the acts with which the defendant was charged was not at issue in the traditional sense. The defendant admitted having sexual intercourse with S.P. after she turned 16 and simply denied that any prior act ever occurred. Generally, identity is not placed in issue where the accused merely denies that the acts ever occurred. Anonymous, 507 So.2d at 975; Bowden,538 So.2d at 1234. Moreover, in this case, there was no showing that the sexual abuse of S.P. and P.P. were committed in a uniquely or characteristically similar manner. Ex parte Darby,516 So.2d 786, 788-89 (Ala. 1987); Bowden, 538 So.2d at 1234.
However, we do find that the evidence of the defendant's rape of his 12-year-old stepdaughter, P.P., was admissible to prove hat he also raped his other stepdaughter, S.P., before sheturned 16 years of age. Here, one of the counts of the indictment charged "statutory" rape, defense counsel had attempted to impeach S.P.'s testimony on the time when the sexual intercourse occurred, and the defendant admitted the sexual intercourse with S.P. but maintained that it only occurred after S.P. turned 16. In fact, S.P. testified that on the day before trial the defendant had told her to testify that she was 16 when the sexual activity first occurred.
In a prosecution for "statutory" rape, the Alabama Supreme Court, without any analysis, approved the admission of the testimony of three sisters of the prosecutrix *Page 727 
as to the collateral sexual offenses perpetrated upon the girls by their father, the accused, "as bearing upon the motive, intent, scienter, identity, etc." Lee v. State, 246 Ala. 69,71, 18 So.2d 706 (1944); Bowden, 538 So.2d at 1237. See alsoWatson v. State, 538 So.2d 1216, 1220-1221 (Ala.Cr.App. 1987) (evidenced of defendant's sexual mistreatment of prosecutrix's sister admissible as an amalgam of identity and common plan, scheme, or system exceptions), affirmed, Bowden v. State,538 So.2d 1226 (Ala. 1988). Because the evidence of the collateral offense was admitted for a specific purpose other than merely to show the bad character of the defendant, we find no error in the admission of the testimony of P.P.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.