McMILLAN, Judge.
Appellant, Samuel L. Parks, was convicted of first degree rape, in violation of § 13A-6-61, Code of Alabama 1975. He was sentenced to 15 years’ imprisonment and was ordered to pay $150 to the Victims’ Compensation Fund and court costs.
The evidence tended to establish the following facts: The victim, S.P., lived at home with her parents and siblings. On the morning of January 17, 1987, the appellant, who is S.P.’s father, successfully got everyone out of the house, with the exception of S.P. The appellant then approached S.P. and asked her if she was going to “give him some.” When she refused, the appellant threatened her by telling her that he would hurt her “Mama.” S.P. and the appellant then had sexual intercourse. A.P. the appellant’s grandson, testified that on the morning of January 17,1987, he was instructed by the appellant to clean out the car. A.P. did so. Later, upon entering the house, he witnessed the appellant lying on top of S.P., who was wearing a shirt but no pants. Appellant jumped to pull up his overalls and asked A.P. “where in the hell [he] was going.” A.P. ran out of the house and did not tell anyone what he had seen.
The appellant argues that the trial court committed reversible error in ruling that, if he attempted to establish a good reputation in the community via character witnesses, the court would allow the State to introduce evidence of alleged prior acts of sexual misconduct by the appellant with S.P. and her sister.
The following transpired at trial out of the hearing of the jury:
“[Defense counsel]: If we bring in witnesses who testify concerning Mr. Parks’s general reputation in the community, are you then going to allow Mr.—
“THE COURT: It depends on—
“[Defense counsel]: Are you going to allow him into going into the prior conviction?
“THE COURT: That’s questionable, you are talking about character testimony now, you are not talking about impeachment [of] the defendant. You are talking about people who are coming from the community and giving testimony about his good character, I don’t know. I will have to think about that. Okay. “[Defense counsel]: We would like the prosecution — we would like some indication on how the court will rule on that.
*1011 “THE COURT: Okay. I am looking over [§]25.01 in McElroy’s.
“[Defense counsel]: 25.01?
“THE COURT: Yes. Take a quick glance. I will rale this way. If you put on character testimony about his general reputation for truth and veracity —
“[Defense counsel]: We are not asking for truth and veracity.
“THE COURT: What are you putting it in for then?
“[Defense counsel]: This his general reputation is good or bad in the community. “THE COURT: Then yes, I would allow the victim [S.P.] and others to go on the stand to refute that. Yeah.
[[Image here]]
“THE COURT: I am not talking about the conviction. I am not talking about the conviction, per se. I am talking about other particular acts that they allege he had done to them. If you put his general reputation for chastity, unchastity, sexual — general reputation for what though? You can’t say what is your— “[Prosecutor]: That he’s just a good old guy.
“THE COURT: I will let them do that. Not on the prior conviction, but this is predicated on the point that his reputation is good but it has to be good for something. So what are you saying, just a good reputation?
“[Defense counsel]: That he has a good reputation.
“THE COURT: Then I will allow the girls to take the stand. Yes, I think that would be proper.
“[Defense counsel]: Under this case, if we put the defendant on the stand to testify —
“THE COURT: No. Not as long as that case is on appeal. You cannot. I know that. All right. As far as general reputation or any type of reputation type of questions, I will allow you to put the victim, [S.P.], and anybody else that is supposed to know something, to deal with that type of testimony, but if he takes the stand and testifies, as long as that case is on appeal, I will not let you use that case for impeachment.”
In Anonymous v. State, 507 So.2d 972 (Ala.1987), the Alabama Supreme Court addressed what prior acts may be introduced against the accused.
“The general evidentiary principle, long adhered to in Alabama, which must be applied in this case may be stated as follows: In a prosecution for one offense, evidence of collateral crimes or acts is generally inadmissible to prove the guilt of the accused. See Ex parte Cofer, 440 So.2d 1121 (Ala.1983); Ex parte Killough, 438 So.2d 333 (Ala.1983); Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Haley v. State, 63 Ala. 89 (1879); Ingram v. State, 39 Ala. 247 (1864). In fact, it has been stated that such evidence is prima facie inadmissible. See Cofer, supra; Brasher, supra; Allen v. State, 380 So.2d 313 (Ala.Crim.App.1979), cert. denied, 380 So.2d 341 (Ala.1980).
“As was explained in Cofer:
“ ‘ “This is a general exclusionary rale which prevents the introduction of [collateral] criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
“ ‘ “This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused’s bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of [collateral] crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of [collateral] crimes has almost an irreversible impact upon the minds of the jurors.” ’
“ ‘Cofer, 440 So.2d at 1123 (quoting C. Gamble, McElroy’s Alabama Evidence § 69.01(1) (3d ed. 1977)....’”
Id. at 973-74, quoting Staten v. State, 547 So.2d 603, 605 (Ala.Cr.App.1988).
Therefore, applying the principles of Anonymous v. State, supra, this case is *1012 due to be reversed and remanded, as the appellant was prevented from establishing a good character defense by the trial court's improper ruling that the victim's sibling and any other victims would be allowed to testify to the prior bad acts which the appellant committed on them to show bad character. Cf. Bowden v. State, 538 So.2d 1226 (Ala.1988) (proof- of such collateral offenses against the same victim may be admissible where identity is at issue or to show motive).
REVERSED AND REMANDED.
All the Judges concur.