This appeal involves two convictions of first degree sodomy, in violation of § 13A-6-63, Code of Alabama 1975, and one conviction of second degree sodomy, in violation of § 13A-6-64,Code of Alabama 1975. The appellant received two 30-year sentences on the first degree sodomy convictions and a 20-year sentence on the second degree sodomy conviction, the sentences to run concurrently.
The evidence presented by the state tended to show the following: The appellant, Jimmy Mothershed, allegedly sodomized three victims who were between the ages of 10 and 15, at the time of the incident. Periodically, the appellant took the victims to his house on weekends, where the victims were allegedly sodomized. The state introduced testimony relating to collateral acts of the appellant involving sexual acts performed upon the victims. Defense counsel objected to the introduction of the collateral acts stating that "There is no exception viable for introduction of this prejudicial material. . . . It is for one purpose and one purpose only, and that's to inflame the mind of the trier."
The issue presented for review is whether the trial court committed reversible error in admitting into evidence testimony of the victims relating to the appellant's collateral acts. The state argues that the evidence of collateral acts was admissible pursuant to the identity or common plan, scheme, or design exceptions to the general exclusionary rule. However, an examination of the record indicates that the appellant's identity was never placed in issue. The appellant never alleged that someone else was the perpetrator of the crimes. See Bowdenv. State, 538 So.2d 1224 (Ala.Cr.App. 1987), aff'd,538 So.2d 1226 (Ala. 1988).
 "Generally, identity is not placed in issue where the accused merely denies that the acts ever occurred. Anonymous [v. State], 507 So.2d [972] 975 [Ala. 1987]; Bowden, 538 So.2d at 1234."
Reeves v. State, 570 So.2d 724 (Ala.Cr.App. 1990). In Staten v.State, 547 So.2d 607, 608 (Ala. 1989), the Alabama Supreme Court, quoting Anonymous v. State, 507 So.2d 972 (Ala. 1987), stated:
 " ' "The general evidentiary principle, long adhered to in Alabama, which must be applied in this case may be stated as follows: In a prosecution for one offense, evidence of collateral crimes or acts is generally inadmissible to prove the guilt of the accused. See Ex parte Cofer, 440 So.2d 1121 (Ala. 1983); Ex parte Killough, 438 So.2d 333 (Ala. 1983); Brasher v. State, 249 Ala. 96, 30 So.2d 31 (1947); Haley v. State, 63 Ala. 89 (1879); Ingram v. State, 39 Ala. 247
(1864). In fact, it has been stated that such evidence is prima facie inadmissible. See Cofer, supra; Brasher, supra, Allen v. State, 380 So.2d 313 (Ala.Crim.App. 1979), *Page 49 cert. denied, 380 So.2d 341 (Ala. 1980).
" ' "As was explained in Cofer:
 " ' " ' "This is a general exclusionary rule which prevents the introduction of [collateral] criminal acts for the sole purpose of suggesting that the accused is more likely to be guilty of the crime in question. This rule is generally applicable whether the other crime was committed before or after the one for which the defendant is presently being tried.
 " ' " ' "This exclusionary rule is simply an application of the character rule which forbids the state to prove the accused's bad character by particular deeds. The basis for the rule lies in the belief that the prejudicial effect of [collateral] crimes will far outweigh any probative value that might be gained from them. Most agree that such evidence of [collateral] crimes has almost an irreversible impact upon the minds of the Jurors." '
 " ' "Cofer, 440 So.2d at 1123 (quoting C. Gamble, McElroy's Alabama Evidence § 69.01(1) (3d ed. 1977). . . ."
 " 'See also Hill v. State, [Ms. 7 Div. 844, June 28, 1988] [538] So.2d [436] (Ala.Cr.App. 1988); Watson v. State, [Ms. 5 Div. 56, September 8, 1987] [538] So.2d [1216] (Ala.Cr.App. 1987).' "
". . . .
 " 'This rationale notwithstanding, there exists certain exceptions to this general exclusionary rule. Although evidence of collateral crimes and acts may not be admitted to prove the accused's bad character, it has been held admissible to prove such things as the accused's criminal intent, his motive, or his identity, or to prove that the now-charged crime and another crime were committed pursuant to a single plan, design, scheme, or system. See generally, McElroy's § 69.01, and those cases cited therein. Of course, the evidence offered must be relevant to some issue that is material to the case. See Cofer, supra (evidence offered was inadmissible because it was offered to prove intent and there existed 'no real and open issue' concerning the accused's intent); [Ex parte Killough, 438 So.2d 333
(Ala. 1983)] (evidence offered under the exceptions to this general exclusionary rule must be both relevant and material).' "
The trial court incorrectly allowed into evidence collateral acts by the appellant. Any probative value from the admission of the evidence was outweighed by its prejudicial effect. Moreover, the evidence did not fit within one of the exceptions to the exclusionary rule.
The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.