I respectfully dissent. This Court has recognized the grave prejudice evidence of any prior conviction inflicts on a criminal defendant. See, e.g., Cofer v. State, 440 So.2d 1121, 1124
(Ala. 1983). Our case of Ex parte Minor, 780 So.2d 796, 802
(Ala. 2000), categorically recognizes the duty of the trial court to "instruct the jury, sua sponte, that it may not consider the evidence of prior convictions as substantive evidence that the defendant committed the charged offense." The Minor court thoroughly and cogently explains the reasons for this bright-line rule. The Minor holding is not dependent on the particular facts of that case. The trial judge's discretion in formulating jury instructions does not and should not infringe the Minor
holding, because no trial judge has the discretion to allow prior convictions introduced for impeachment to be considered as substantive evidence of the defendant's guilt.
In the case now before us, the only limit the trial judge imposed on the consideration of the prior convictions was this instruction: "This testimony is allowed to go to you for one purpose, and that is for your consideration in determining what credibility you will give a witness's testimony from the witness stand in this case." While lawyers and judges, learned in the law, might understand this instruction to prohibit consideration of the prior convictions as substantive evidence of the defendant's guilt, the laypersons on the jury could not realistically be expected to achieve this distinction.
The discrimination required of jurors in their consideration of prior convictions is analogous to the discrimination required of them in their consideration of prior inconsistent statements. That is, prior inconsistent statements can be considered only for their value in impeaching the declarant's in-court testimony, not as substantive evidence of the truth of the matters stated.Varner v. State, 497 So.2d 1135, 1137 (Ala.Crim.App. 1986). Yet even lawyers and judges ignore, forget, or overlook this requirement for discrimination, as the Court of Criminal Appeals itself inadvertently did when it considered prior inconsistent statements as substantive evidence of the truth of the matters stated in the recent case of Johnson v. State, 823 So.2d 1, 40
(Ala.Crim.App. 2001) (Part XII.A. of the opinion). See my dissent in Ex parte Johnson, 823 So.2d 57 (Ala. 2001). A fortiori, jurors not learned in the law will fail to discriminate between consideration for impeachment and consideration as substantive evidence unless they are expressly and positively prohibited from considering the impeaching evidence as substantive evidence of guilt.
The holding of Minor is correct, valid, fair, and necessary. The Court of Criminal Appeals has faithfully followed it. We should affirm.