SHAW, Judge,
concurring specially.
I agree that the fact that a defendant had previously possessed 'cocaine would not, in the absence of some connecting facts, supply the defendant with the knowledge of the presence of the cocaine in a vehicle he was driving, and that -the record in this case discloses no logical connection between the defendant’s knowledge of cocaine generally, as evidenced by his prior possession, and his knowledge of the presence of the cocaine in his vehicle or his intent to possess that cocaine, which were the primary issues in this case. Therefore, I agree that admission of evidence of Turner’s prior possession of cocaine was error.
I likewise agree that the error in this case was not harmless. As noted in the main opinion, Turner denied any knowledge of the presence of the cocaine, and the passenger in Turner’s vehicle claimed that the cocaine belonged to him. The *1046 passenger testified that, contrary to the tip received from the confidential informant, when he and Turner were first stopped, he did not throw the cocaine out the car window, but hid it in his mouth; that he and Turner did not go back to the area of the first traffic stop to retrieve any cocaine but to meet someone; and that, contrary to the arresting officer’s testimony that the cocaine was found in the vehicle, he threw the cocaine on the ground during the second traffic stop and the officer found it on the ground near the vehicle, not in the vehicle. As noted in the main opinion, evidence of prior crimes “ ‘has almost an irreversible impact upon the minds of the jurors.’ ” Ex parte Cofer, 440 So.2d 1121, 1123 (Ala.1983), quoting C. Gamble, McElroy’s Alabama Evidence § 69.01(1) (3d ed.1977). In this case, the conflicting evidence as to Turner’s knowledge and possession of the cocaine was a question for the jury to resolve, and I cannot say that the evidence of Turner’s prior possession of cocaine did not influence the jury to resolve that conflict in the evidence adversely to Turner.