PER CURIAM.
The appellant, Che Dechaune Marks, was convicted of rape in the first degree, a violation of § 13A-6-61, Ala.Code 1975, and was sentenced as a habitual felon to life imprisonment without the possibility of parole.
In May 2009, I.C.,[1] who was then 15 years old, dialed a wrong number on her *410 cellular phone and hung up. The number she dialed belonged to Marks. Marks called the number back, identified himself as Chevy and said that he wanted to come to I.C.’s apartment. I.C. said that she knew someone by the name of Chevy and she told Marks how to get to her apartment.
Marks went to I.C.’s apartment, and he met her in the parking lot. They talked for several minutes, she said, and then Marks drew a pistol on I.C. and forced her into a nearby abandoned apartment. I.C. testified that Marks raped her and threatened to kill her and her family if she told anyone about the rape. She said he told her that he now considered her his “old lady,” to go home, and to call him when she got there.
The next morning I.C. went to the Mobile Police Department to report the rape. Corp. Michael Shavers of the Mobile Police Department instructed I.C. to record conversations between herself and Marks. In one conversation, Marks indicated that he knew that I.C. was not pregnant because he was wearing a condom when they had had sex. He also said in one of their conversations that he thought they had gotten past what had happened and why did she keep bringing it up.
Police went to the abandoned apartment 1.C. identified as the scene of the rape and discovered a used condom. Testing revealed Marks’s DNA and a secondary DNA profile. I.C. could not be excluded as the source of the secondary DNA.
Marks testified in his own defense. He said that he knew I.C., that on the night of the alleged rape he was drinking and taking drugs, and that he did not have sex with I.C.
The jury convicted Marks of rape in the first degree. After a sentencing hearing, the court sentenced Marks under the Habitual Felony Offender Act to life imprisonment without the possibility of parole. This appeal followed.
Marks first argues that the circuit court erred in allowing evidence of collateral bad acts in violation of Rule 404(b), Ala. R. Evid.[2] In its Rule 404(b), Ala. R. Evid., motion the State asserted that it sought to introduce evidence in the form of testimony from T.F. and S.S. that Marks had had encounters with them in May 2009. It asserted that their testimony was admissible to show Marks’s motive, opportunity, plan, knowledge, and identity for the charged rape. Specifically, the State argued that their testimony was admissible because:
“1) The instant rape is alleged to have occurred on May 15, 2009. [S.S.] alleges to have been raped during the first week of May 2009 and [T.F.] alleges to have been raped May 9, 2009.
“2) All 3 offenses took place in close physical proximity to one another.
“3) All 3 offenses took place between 11:00 p.m. and 4:00 a.m.
“4) A gun was seen or alluded to in all 3 cases.
“5) All 3 individuals identified their assailant as a black male known to them as ‘Chevy’ and who they subsequently each identified as this defendant.
*411 “6) In each case, the assailant allegedly made initial penetration from behind the victim, into her vagina and then in 2 instances proceeded to make anal entry, also from behind the victim.
“7) In each offense, the defendant allegedly threatened to kill the victim and her family, specifically, younger children, if the victim reported the crime.
“8) In each instance, the defendant allegedly made subsequent text contact with the victim, alleging that the victim was now his girlfriend and was not allowed to see any other men.”
(C.R. 31.) The circuit court allowed the testimony because, it said, the testimony was admissible to show “motive, opportunity, plan, knowledge, and identity.” (R. 350.) Marks asserts, however, that motive, opportunity, plan, knowledge, and identity were not at issue at his trial; he argues, therefore, that the collateral-act evidence should have been excluded.
Marks also argues in the alternative that, if the collateral-act evidence was admissible for one or more of the purposes in Rule 404(b), the circuit court nonetheless erred in its instruction on the use of the evidence. He asserts that the instruction was erroneous because, he says, it allowed the jury to consider the evidence for purposes that were clearly not in dispute in his case. He contends that the instruction was in conflict with the Supreme Court’s holding in Ex parte Billups, 86 So.3d 1079 (Ala.2010). We agree.[3]
In this case, the circuit court gave the following instruction:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in accord with his character. However, such evidence may be admissible for other purposes recognized by the Rules of Evidence in Alabama law.
“Some evidence has been allowed in this case, specifically, the testimony of [T.F.] and [S.S.] regarding allegations of sexual acts directed towards them by the defendant, Marks. The Court received this evidence, and you should consider that evidence only for the limited purpose of establishing motive, opportunity, plan, knowledge, or modus operan-di and should be considered by you with all the other evidence, but only for the purpose for which it was received.”
(R. 556.)
At the conclusion of the court’s instructions, defense counsel made the following objection:
“[A]s to the [Rule] 404(b) charge that the Court gave, that charge is insufficient and incorrect as a matter of law. It is directly in opposition to the law that has been set out by the Supreme Court of Alabama, by the Court of Appeals of Alabama, and by the federal courts to which [Rulé] 404(b) is identically copied.
“I previously cited a case, United States v. Biswell, and its 700 F.2d 1310 that’s coming out of the 10th Circuit. I cited the case of Billups v. State of Alabama, a Supreme Court opinion....
“... And I incorporate all my previous arguments that I have made regarding [Rule] 404(b) for the Court’s consideration. ...”
(R. 558-60.)
In Ex parte Billups, the Alabama Supreme Court held that in admitting Rule 404(b), Ala. R. Evid., evidence the court must instruct the jury on the specific pur *412 pose or purposes for which the Rule 404(b) evidence was admitted and not merely instruct the jury with a “laundry list” of all the theoretical permissible uses of Rule 404(b) evidence. The court stated:
“In Huddleston v. United States, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988), the United States Supreme Court stated that, when evidence of a defendant’s other crimes, wrongs, or acts is introduced under Rule 404(b), Fed.R.Evid., ‘the trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted.’ 485 U.S. at 691-92, 108 S.Ct. 1496 (citing United States v. Ingraham, 832 F.2d 229, 235 (1st Cir.1987) (emphasis added)). The State appears to contend that the trial court satisfies its duty to instruct the jury as to the ‘proper purpose’ for which evidence regarding a defendant’s other crimes, wrongs, or acts has been introduced by simply reciting all the Rule 404(b) exceptions for which the evidence may be admitted and informing the jury that it may not consider that evidence as proof of the defendant’s bad character. See State’s brief, pp. 25-2 6. We disagree.
“Assuming, without deciding, that the evidence regarding Billups’s involvement in the Avanti East killings was, as the State contends, relevant to show plan, identity, motive, and intent, the jury, pursuant to the trial court’s broad instruction, nonetheless remained free to consider that evidence for numerous other purposes (including opportunity, preparation, knowledge, or absence of mistake or accident) that were indisputably not at issue in this case. See McAdory v. State, 895 So.2d 1029, 1036 (Ala.Crim.App.2004) (plurality Qpinion) (concluding that the jury could not have properly considered the defendant’s pri- or convictions to show knowledge and intent because neither was at issue). Presenting the jury with such a far-reaching ‘limiting’ instruction carries with it the same problems as providing the jury with no specific purpose for considering the other crimes, wrongs, or acts evidence.
“ ‘[A]n instruction should advise the jury on the purposes for which prior acts are admitted, meaning uses that are plausible in the case at hand, and should not include a laundry list of every conceivable use.’ 1 Christopher B. Mueller and Laird C. Kirkpatrick, Federal Evidence § 4:30 at 789 (3d ed.2007) (emphasis added). In this case, however, the jury was allowed to consider the evidence regarding Billups’s involvement in the Avanti East killings for several implausible purposes, including, among others, opportunity and absence of mistake or accident. For example, Billups made no argument at trial that Lockett’s killing was the result of an accident or that he lacked the opportunity to kill Lockett; rather, Billups’s defense was that another person, Charles Cooper, was responsible for Lockett’s murder.
“By simply reciting the complete ‘laundry list’ of permissible theories under Rule 404(b), the trial court’s instruction in this case gave the jury inadequate guidance. See Ex parte Belisle, 11 So.3d 323, 333 (Ala.2008) (‘[A]n appellate court “presume[s] that the jury follows the trial court’s instructions unless there is evidence to the contrary.”’ (quoting Cochran v. Ward, 935 So.2d 1169, 1176 (Ala.2006))). The trial court’s instruction also failed to limit the State to the purposes — as nonspecific as they were — that it advanced in support of admission of the evidence regarding Bill-ups’s involvement in the Avanti East killings. Thus, we conclude that the trial court erred by failing to limit the jury’s consideration of that evidence to only those purposes for which the- evi *413 dence was purportedly offered by the State (plan, identity, motive, and intent). See Huddleston, supra; cf. United States v. Tse, 375 F.3d 148, 158 (1st Cir.2004) (finding that the district court ‘adequately limited the jury’s consideration of [certain Rule 404(b) ] evidence’ when the court instructed the jury that it could not use that evidence ‘to make a propensity inference’ and that the jury could use that evidence to determine only the defendant’s ‘knowledge and intent’).”
86 So.3d at 1085-86.
The Supreme Court in Billups cited with approval the jury instructions given in United States v. Tse, 375 F.3d 148 (1st Cir.2004). In Tse, the United States Court of Appeals for the First Circuit stated:
“Upon request by the defendant, a district court must instruct the jury on the permissible use of other bad act evidence admitted against the defendant. Fed.R.Evid. 105; Huddleston v. United States, 485 U.S. 681, 691-92, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (‘[T]he trial court shall, upon request, instruct the jury that the similar acts evidence is to be considered only for the proper purpose for which it was admitted.’). The First Circuit pattern jury instructions explicitly state (1) that the bad act evidence cannot be used to infer guilt based on the defendant’s character and (2) that the other act evidence may be used only for specific enumerated purposes.”
375 F.3d at 157.
The circuit court’s instructions in this case permitted the jury to consider the collateral-act evidence for the purposes of showing motive, opportunity, plan, knowledge, and modus operandi. On appeal, the State argues that opportunity and plan were at issue and that, therefore, the circuit court properly instructed the jury as to those purposes. The State also argues that the evidence was admissible to prove identity and preparation — purposes for which the jury was not instructed regarding. the collateral-act evidence. The State does not address the additional purposes— motive, knowledge, or modus operandi — on which the jury was instructed it could consider the collateral-act evidence in this case.
Although not as broad as the instructions at issue in Ex parte Billups, the instruction in this case regarding the permissible use of the collateral-act evidence was too general and authorized the jury to consider the evidence for “implausible purposes,” such as identity. For example, I.C. identified Marks, and Marks admitted that he knew I.C.; he denied, however, that he had had sex with I.C. or that he had raped her. Thus, I.C.’s and Marks’s credibility, not Marks’s identity, were at issue. Compare Gibson v. State, 677 So.2d 238, 240 (Ala.Crim.App.1995) (identity was at issue where the accused contended that someone else committed the sexual offenses with which he was charged), with Mothershed v. State, 596 So.2d 47 (Ala.Crim.App.1991) (evidence of collateral sexual acts of the accused against the alleged victims was inadmissible to prove identity where the accused denied committing the offenses with which he was charged and he did not allege that the crimes were committed by someone else). Thus, the circuit court’s instructions were erroneous because they permitted the jury, over Marks’s objection, to consider the collateral-act evidence for purposes not at issue in the case. Given the graphic nature of the collateral-act evidence at issue here, the “confusion of the jury and the probable prejudice to [Marks,]” as a result of the erroneous instruction “is obvious.” Ex parte Billups, 86 So.3d at 1086 (quoting Billups v. State, 86 So.3d 1032, 1079 (Ala.Crim.App.2009) (Welch, J., dissenting)). Thus, in accordance with the Supreme Court’s decision in Billups, the jury in *414 structions in this case constituted reversible error.
For the above-stated reasons, Marks’s conviction for rape in the first degree is hereby reversed and this case is remanded to the Mobile Circuit Court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.
WINDOM, P.J., dissents.

. To protect the anonymity of the victim we are using her initials. See Rule 52, Ala. R.App. P.

. Rule 404(b), Ala. R. Evid., provides:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.”

. In light of our holding that the jury instruction was reversible error, we pretermit as unnecessary consideration of whether the collateral-act evidence was admissible for any permissible purpose under Rule 404(b), Ala. R. Evid. See Ex parte Billups, 86 So.3d at 1086.