WINDOM, Presiding Judge,
dissenting.
I agree with the majority’s holding that evidence of R.C.W.’s prior sexual abuse of his other daughters was admissible to establish his motive for raping, sodomizing, and sexually abusing the daughter T.W. See Ex parte Register, 680 So.2d 225, 228 (Ala.1994) (holding that evidence of the appellant’s past sexual abuse of his stepdaughters was admissible in a prosecution for sexual abuse of his daughter because it established the appellant’s motive, i.e., a passion or propensity for unusual and abnormal sexual relations); Hatcher v. State, 646 So.2d 676, 680 (Ala.1994) (holding that evidence of collateral sexual acts against another child was relevant to prove the appellant’s motive, which was “to gratify sexual desires by having sex with young girls living in his household”); Bedsole v. State, 974 So.2d 1034, 1040 (Ala.Crim.App.2006). I also agree that the circuit court’s limiting instruction to the jury erroneously allowed the jury to consider evidence of R.C.W.’s collateral sexual abuse for purposes other than to show motive. See Ex parte Billups, 86 So.3d 1079, 1084-85 (Ala.2010). Specifically, I agree with the majority that the circuit court erred in allowing the jury to consider the collateral sexual acts for “the improper purposes of intent, opportunity, and plan.” 168 So.3d at 97. I, however, disagree with the majority’s conclusion that R.C.W. suffered any harm from the erroneous instruction. Therefore, I respectfully dissent.
Rule 404(b), Ala. R. Evid., provides:
“Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.”
“The beginning premise of [Rule 404(b), Ala. R. Evid.,] is simply part of an even broader principle precluding proof of a person’s character in any form when offered to prove action in conformity therewith on a particular occasion.” Charles W. Gamble and Robert J. Goodwin, McElroy’s Alabama Evidence, § 69.01(1) (6th ed.2009). Thus, the purpose behind Rule 404(b), is to prohibit the admission of evidence of collateral bad acts when the sole purpose of admitting that evidence is to establish the defendant’s bad character and action in conformity therewith. United States v. Carrillo, 981 F.2d 772, 775-76 (5th Cir.1993); see also Gamble and Goodwin, McElroy’s, § 69.01(1); Knight v. State, 675 So.2d 487, 499 (Ala.Crim.App.1995) (“The general exclusionary rule prevents the introduction of collateral criminal acts not charged in the indictment when the sole purpose is to show the accused’s bad character or to suggest that the accused possessed an inclination or propensity to commit the crime.” (emphasis added)).
*100 However, the Advisory Committee’s Notes to Rule 404(b), Ala. R. Evid., explain that “[t]he general rule excluding character evidence does not bar evidence of specific acts when that evidence is offered for some purpose other than the impermissible one of proving action in conformity with a particular character.” (Emphasis added.) See also Hunter v. State, 802 So.2d 265, 273 (Ala.Crim.App.2000) (Baschab, J., dissenting) (same). Thus, “[i]f the- defendant’s commission of another crime or misdeed is an element of guilt, or tends to prove his guilt otherwise than by showing of bad character, then proof of such other act is admissible.” Moore v. State, 49 So.3d 228, 232 (Ala.Crim.App.2009) (quoting Harris v. State, 2 So.3d 880, 907 (Ala.Crim.App.2007)(emphasis added)).
In Ex parte Billups, 86 So.3d at 1084-85, the Alabama Supreme Court held that when evidence of collateral bad acts is admitted for one or more purposes other than to show bad character, the circuit court’s failure to give an instruction that limits the jury’s consideration of that evidence to only the purpose for which it was admitted constitutes error. Specifically, the Court held that the circuit court’s limiting instruction relating to Rule 404(b) evidence that “simply recit[ed] the complete ‘laundry list’ of permissible theories under Rule 404(b) [for the admission of collateral-bad-act evidence], ... gave the jury inadequate guidance [and constituted error].” Billups, 86 So.3d at 1086.
The Supreme Court did not, however, create a per se rule requiring reversal every time a circuit court’s limiting instruction relating to collateral bad acts includes purposes listed in Rule 404(b) for which the evidence was not admitted. To the contrary, the Supreme Court has repeatedly held that the failure to give a limiting instruction and/or the giving of an erroneous limiting instruction must be reviewed on a case-by-case basis. Snyder v. State, 893 So.2d 482, 485 (Ala.2001) (explaining that “each inquiry regarding the propriety of an instruction on the use of evidence of prior convictions ... must be determined ón a case-by-case basis”); Ex parte Martin, 931 So.2d 759, 768 (Ala.2004) (same); Johnson v. State, 120 So.3d 1119, 1126 (Ala.2006) (same).
For the reasons that follow, I believe that the circuit court’s erroneous limiting instruction in this case was harmless. Rule 45, Ala. R.App. P. As stated above, evidence of R.C.W.’s collateral acts was properly admitted as substantive evidence of his guilt, i.e., to show his motive. Johnson, 120 So.3d at 1123 (holding that collateral bad acts are admissible as substantive evidence to show motive); Revis v. State, 101 So 3d 247, 279 (Ala.Crim.App.2011) (holding that “evidence tending to establish motive is always admissible” (citations and quotations omitted)). Thus, the jury was properly allowed to consider evidence of R.C.W.’s collateral bad acts.
Further, the circuit court correctly instructed the jury that it could not consider R.C.W.’s collateral bad acts for the improper purpose of establishing R.C.W.’s bad character and action in conformity therewith. See (R. 415-16.) This Court must presume that the jurors followed the circuit court’s instructions. Peraita v. State, 897 So.2d 1161, 1204 (Ala.Crim.App.2003) (“ ‘Jurors are presumed to follow the trial court’s instructions.’ ” (quoting Bryant v. State, 727 So.2d 870, 874-75 (Ala.Crim.App.1998))); Burgess v. State, 827 So.2d 134, 162 (Ala.Crim.App.1998) (“Jurors are presumed to follow the court’s instructions.”). Thus, the jury did not consider R.C.W.’s collateral bad acts as evidence of his bad character and action in conformity therewith, the only purpose for which such evidence is outright prohibited. Hunter, 802 So.2d at 273; Moore, 49 So.3d at 232; Harris, 2 So.3d at 907.
*101 Although evidence of R.C.W.’s collateral bad acts was properly admitted as substantive evidence to show his motive and although the circuit court correctly prohibited the jury from considering R.C.W.’s collateral bad acts as evidence of his bad character, the majority finds reversible error in the circuit court’s limiting instruction because it allowed the jury to consider that evidence for the “improper purposes of [establishing] intent, opportunity, and plan[, points that were] not at issue in this case.” 168 So.3d 97, 98. I, however, disagree. Because it was not plausible for evidence of R.C.W.’s collateral bad acts to establish his intent, opportunity, or plan, any error in allowing the jury to consider the evidence for those purposes was harmless. In United States v. Levy-Cordero, 67 F.3d 1002, 1011 (1st Cir.1995), the government offered evidence of the appellant’s collateral bad acts to establish his consciousness of guilt. The trial court, however, gave a limiting instruction that directed the jury to consider the collateral-bad-act evidence for the purpose of establishing the appellant’s intent and knowledge. Id. The United States Court of Appeals for the First Circuit held that a trial court’s limiting instruction relating to the Rule 404(b) evidence improperly allowed the jury to consider the appellant’s collateral bad acts as evidence of his intent and knowledge because those were not reasons that the evidence was admitted. Although the trial court improperly instructed the jury that it could consider the appellant’s collateral bad acts for intent and knowledge, the First Circuit held that the error was harmless. Id. The Court explained that the erroneous instruction was harmless because there was “no logical reason why [the collateral bad acts] would demonstrate appellant’s intent or knowledge with respect to [charged] offenses .... ” Id. Thus, the circuit court’s instruction was harmless because it “instructed the jury that it could draw an inference that the evidence could not logically support.” Id.
In this case, the circuit court’s instruction that allowed the jury to consider R.C.W.’s sexual misconduct for “improper purposes of [establishing] intent, opportunity, and plan,” 168 So.3d at 97, was harmless because there was “no logical reason why [the collateral bad acts] would demonstrate appellant’s intentf, plan, or opportunity] with respect to [charged] offenses .... ” Levy-Cordero, 67 F.3d at 1011. Stated differently, R.C.W.’s collateral sexual misconduct did not establish his specific intent to commit, his opportunity to commit, or a plan to commit the charged offenses. Therefore, the circuit court’s erroneous limiting instruction was harmless because it merely allowed the jury to “draw an inference that the evidence could not logically support.” Id.
Additionally, as the majority explains, R.C.W.’s intent, - opportunity, and plan were not at issue at trial. R.C.W. was T.W.’s father, and they lived together at the time of the offenses. From this evidence, the jury must have drawn the conclusion that R.C.W., who was living with his daughter, had the opportunity to rape, sodomize, and sexually abuse her. Because R.C.W.’s opportunity to commit the charged offenses was clearly established at trial, the circuit court’s instruction that allowed the jury to consider R.C.W.’s collateral bad acts for the purpose of establishing opportunity was harmless. Cf. Dawson v. State, 675 So.2d 897, 900 (Ala.Crim.App.1995) (“The erroneous admission of evidence that is merely cumulative is harmless.” (citing Reese v. City of Dothan, 642 So.2d 511, 515 (Ala.Crim.App.1993))); Woods v. State, 13 So.3d 1, 23 (Ala.Crim.App.2007). Likewise, as the majority states, “[t]he intent necessary to these types of crimes may be inferred by the jury from the acts themselves.” 168 So.3d *102 at 95. Because R.C.W.’s general intent was established by the acts themselves, the circuit court’s instruction allowing the jury to consider additional evidence of intent was harmless. Cf. Dawson, 675 So.2d at 900; Woods, 13 So.3d at 23. Finally, as the majority states, R.C.W.’s identity was not at issue in this case because R.C.W. did not allege that someone else committed the crime. Because R.C.W. did not place his identity at issue, the jury had two choices: believe that R.C.W. committed the acts or believe that no acts occurred. Because R.C.W.’s identity was not at issue and the jury was left to decide only whether the acts occurred, allowing the jury to consider evidence to show a plan and thus R.C.W.’s identity was not harmful. Id.
This is not a case in which evidence of collateral bad acts was improperly admitted or in which the circuit court erroneously allowed the jury to consider that evidence to show bad character. Instead, evidence of R.C.W.’s collateral sexual acts was properly admitted and considered as substantive evidence of his motive, and the circuit court correctly prevented the jury from considering that evidence for the sole purpose for which it is not allowed — bad character and action in conformity therewith. Because evidence of R.C.W.’s collateral sexual misconduct was properly considered by the jury as substantive evidence of motive and because the circuit court prevented the jury from considering the evidence to prove bad character, the circuit court’s limiting instruction that allowed the jury to also consider that evidence for additional implausible and/or irrelevant purposes was harmless. Therefore, I respectfully dissent.
KELLUM, J., concurs.