SHAW, Justice
(concurring in the result).
I concur in the result. Under Rule 404(b), Ala. R. Evid., evidence regarding a defendant’s other misdeeds or bad acts (hereinafter referred to as “collateral acts”) is not admissible “to prove the character of a person in order to show” that the person acted in conformity with that character as to the current offense. This Court has noted that such evidence “may divert the minds of the jury from the main issue”; thus, collateral-act evidence is “presumptively prejudicial,” and its improper admission into evidence constitutes reversible error. Ex parte Cofer, 440 So.2d 1121, 1124 (Ala.1983). That stated, collateral-act evidence can be admitted into evidence for other purposes, including to show a person’s motive, opportunity, intent, or plan. See Rule 404(b) (listing the permissible purposes). These other purposes, however, must be “real and open issue[s],” i.e., “the evidence offered must be relevant to some issue that is material to the case.” Anonymous v. State, 507 So.2d 972, 974 (Ala.1987). In Anonymous, this Court rejected the argument that certain collateral-act evidence was admissible, stating that “[t]here [wa]s simply no imaginable reason for the admission of this testimony other than to prove the defendant’s bad character. This is, of course, not an acceptable purpose.” 507 So.2d at 974.
As the main opinion and the Court of Criminal Appeals note, the testimony regarding R.C.W.’s collateral acts — here, pri- or sexual misconduct involving his other biological daughters — was properly admissible in this case to show his “motive” for committing the charged offenses. Because this collateral-acts evidence was properly *120 admitted, no prejudice is presumed. Cofer, supra.
When collateral-act evidence is admitted, a party can request the trial court to provide an instruction to the jury describing the limited nature of the evidence’s use. See Rule 105, Ala. R. Evid. Such a limiting instruction “has the effect of lessening any prejudícé that may have been caused by the evidence admitted under Rule 404(b); and Alabama courts have long urged judges to give such a limiting instruction when evidence of a collateral act or uncharged misconduct is admitted for a limited purpose.” Taylor v. State, 808 So.2d 1148, 1166 (Ala.Crim.App.2000).
Here, the trial court gave an instruction to the jury that the collateral-acts evidence could not be considered for the purpose of showing R.C.W.’s “bad character” or that that character made it more likely that he committed the charged offenses. However, the trial court instructed the jury that it “may be considered ... only for the limited purpose ... regarding the defendant’s motive, opportunity, intent, or plan.”
The Court of Criminal Appeals concluded that, although R.C.W.’s collateral acts were admissible to show R.C.W.’s motive, there was no “real or open” or material issue regarding opportunity, intent, or plan. Thus, although the trial court correctly instructed the jury that it “may” consider the collateral-acts evidence to show R.C.W.’s motive, the instruction that it “may” also consider the evidence for the purposes of proving opportunity, intent, or plan was improper.
In Ex parte Billups, 86 So.3d 1079 (Ala.2010), the trial court, in instructing the jury on how it was to consider evidence regarding collateral acts of the defendant, stated that it could consider that evidence for purposes that were “indisputably” not at issue. The instruction “simply recitfed] the complete ‘laundry list’ of permissible theories” under which collateral-act evidence is permissible under Rule 404(b). 86 So.3d at 1086. Such a “far-reaching” instruction, we held, “carries with it the same problems as providing the jury with no specific purpose for considering the other crimes, wrongs, or acts” and “gave the jury inadequate guidance.”[1] 86 So.3d at 1086.
As noted in the main opinion, the factual scenario in Ex parte Billups was extreme: the trial court simply listed all the permissible purposes for which the voluminous collateral-acts evidence could be used, even purposes not advanced by the State. Thus, the language in that decision is broad. However, consistent with the main opinion, I read Ex parte Billups to stand for the proposition that an improper limiting instruction is prejudicial if it, in effect, offers little guidance or no limitation to the jury’s consideration of the collateral-act evidence. I would limit the holding of Ex parte Billups to such a scenario; it thus does not “create a per se rule requiring reversal every time a circuit court’s limiting instruction relating to collateral bad acts includes purposes listed in Rule 404(b) for which the evidence was not admitted.” R.C.W. v. State, 168 So.3d 90, 100 (Ala.Crim.App.2012) (Windom, P.J., dissenting).
*121 Here, the jury was instructed that it “may” consider the collateral acts for purposes of showing motive, intent, plan, and opportunity. According to the Court of Criminal Appeals, the purposes of intent, plan, and opportunity were not material. But the jury could consider the evidence for the purpose of determining motive. I see nothing indicating that instructing the jury that it could use the collateral-acts evidence for three purposes for which it would, ultimately, not use that evidence— i.e., it would not use the evidence to determine if R.C.W. possessed an intent, plan, and opportunity — necessarily prejudiced R.C.W. Telling the jury that it could consider the evidence for something it would not consider it for anyway, on its face, does not prejudice the defendant when the evidence was otherwise properly before it for another purpose. Ex parte Billups holds that reversible error exists — and I believe prejudice is shown — when the instruction is so broad that it essentially gives no guidance or no limitation to the jury. I do not believe that the instruction in the instant case rises to that level; I see no error under Ex parte Billups. Because the collateral-acts evidence was properly before the jury for another purpose, and because the instruction does not rise to the level of ambiguity found in Billups, I agree with the conclusion reached in the main opinion that any error in the instruction was harmless, i.e., it has not probably injuriously affected R.C.W.’s substantial rights.

. Ex parte Billups also faulted the trial court’s instruction because it "failed to limit the State to the purposes ... it advanced in support of the admission of the evidence,” 86 So.3d at 1086; thus, this Court concluded that tire trial court had erred "by failing to limit the jury’s consideration of that evidence to only the purposes for which the evidence was purportedly offered by the State." 86 So.3d at 1086. In the instant case, it appears that the State actually offered the evidence of R.C.W.'s collateral acts for the purposes described in the trial court’s instruction.