On Application for Rehparing

KELLUM, Judge.
. On June 13, 2014, this .Court reversed Penn’s capital-murder convictions, in connection with the murders of Penn’s wife, Janet Penn, and her boyfriend, Demetrius Powe. See Penn v. State, 189 So.3d 107 (Ala.Crim.App.2014). Relying on Ex parte Billups, 86 So.3d 1079 (Ala.2010), we held that the circuit court committed plain error when the court failed to properly instruct the jury and limit the jury’s consideration of evidence that Janet filed a petition for protection from abuse against Penn and that the court’s error was not harmless. Penn, 189 So.3d at 108.
On June 29, 2014, the State filed an application for rehearing, requesting that we set aside our judgment. In its application for rehearing, the State contends that the facts presented in Penn’s case are distinguishable from the facts presented in Ex parte Billups and that any error in ,the circuit court’s instructions to the jury was harmless, beyond a reasonable doubt.
Although not cited by the State on application for rehearing, our Supreme Court recently addressed its holding in Billups in R.C.W. v. State, 168 So.3d 102 (Ala.2014). In R.C.W., the defendant was convicted of one count of rape in the first degree, one count of incest, one count of sexual abuse in the first degree, and two counts of sodomy in the first degree. At trial, the circuit court admitted, over R.C.W.’s objection, evidence that R.C.W. had previously engaged in sexual misconduct involving the victim’s half sisters. When charging the jury, the trial court informed the jury that it could consider the evidence only for “ ‘the limited purpose as regarding [R.C.W.’s] motive, opportunity, intent, or plan.’” R.C.W. v. State, 168 So.3d at 106 (quoting R.C.W. v. State, 168 So.3d 90, 93 (Ala.Crim.App.2012)). R.C.W. objected to the court’s jury instructions and, upon his conviction, appealed. On appeal, this Court concluded that the collateral evidence of R.C.W.’s sexual misconduct involving the victim’s half sisters was admissible to establish motive but that “it was *119 reversible error for the trial court to allow the jury to consider the evidence of collateral sexual misconduct involving T.W.’s half sisters for the improper purposes of intent, opportunity, and plan,” where intent, opportunity, or plan was not at issue in R.C.W.’s trial. R.C.W., 168 So.3d at 97.
The Alabama Supreme Court subsequently granted the State’s petition for a writ of certiorari “to determine, as a matter of first impression, whéther an erroneous limiting instruction, as to otherwise properly admitted Rule 404(b)!, Ala. R. Evid.,] collateral-acts evidence, is subject to a harmless-error analysis.” R.C.W. v. State, 168 So.3d at 110. In addressing this issue, our Supreme Court recognized that the holding in Ex parte Billups did not create a per se rule requiring reversal every time a trial court gave a limiting instruction relating to collateral bad acts that included purposes listed in Rule 404(b), Ala. R. Evid., for which the evidence was not admitted. The Court concluded that the instruction given by the trial, court in R.C.W., “although overly broad, was not so broad that it .essentially gave no guidance or no limitation to the jury as to the proper purpose for which the evidence could be considered” and that the limiting instruction given in R.C.W. did not rise to the level of prejudicial ambiguity found in Ex parte Billups and was, therefore, harmless. R.C.W. v. State, 168 So.3d at 118.
In the instant case, like Billups and unlike R.C.W., the circuit court’s limiting instruction relating to collateral bad acts essentially gave no guidance and no limitations to the jury as to the proper purpose for which the evidence could be considered during the jury’s deliberations. In the case at bar, the circuit court- .initially instructed the jury that the evidence was “being offered for the limited purpose of providing either motive, plan, design, scheme, [or] intent.” (R. 936.) At the conclusion of the case, the circuit court gave its final instructions to the jury, which included the following with regard to the collateral-acts evidence: “This evidence was allowed for the limited purpose to show or prove either: One, identity; or, two, motive; three, plan, scheme or design; four, intent; or, five, malice, among other exceptions that may exist.” (R. 1247-48.) With this instruction, the circuit court effectively removed any limitations on the evidence by creating an unlimited number of exceptions to the general rule that evidence of prior bad acts cannot be used as substantive evidence to establish the guilt of an accused. Therefore, the jury was left with no guidance as to the purpose for which it could consider the evidence regarding the petition for protection from abuse that Janet sought against Penn.
Moreover, we are unpersuaded by the State’s argument on rehearing that the ■circuit court’s erroneous jury instructions were harmless beyond a reasonable doubt. For the reasons set forth in our original opinion, we cannot say that the circuit court’s erroneous jury instruction regarding Janet’s petition for protection from abuse against Penn did not affect the outcome of Penn’s trial under the particular facts and circumstances of this cáse.
Based on the foregoing, the State’s application for rehearing is overruled.
APPLICATION OVERRULED.
WELCH, BURKE, and JOINER, JJ„ concur.
WINDOM, P.J., recuses herself.